

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Trajkovska v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Trajkovska v. Atty Gen USA" (2008). *2008 Decisions.* Paper 380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2068
_____

DANICA TRAJKOVSKA,
Petitioner


v.


ATTORNEY GENERAL USA,
Respondent

_____


Petition for Review of an Order of the
Board of Immigration Appeals
(No. A97-434-483)
Immigration Judge: Eugene Pugliese


_____


Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed:  October 10, 2008)


_____


OPINION OF THE COURT


_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will dismiss the asylum claim and deny the withholding of removal claims of the Petition for Review.

Trajkovska, a citizen of Macedonia, seeks review of a BIA decision denying her request for withholding of removal. She entered the country in May 2003 on a student visa, but never enrolled in the college that was designated for her visa. Because she failed to meet the requirements of her visa, Trajkovska received a Notice to Appear that charged her with removability. Trajkovska filed an application for asylum, withholding of removal, and relief under the Convention Against Torture. She claimed that, as a niece of the former Macedonian president who died in a plane crash that was rumored to have been caused by political opponents, she faced extreme harm if returned to her country of origin.

The Immigration Judge concluded that Trajkovska was ineligible for asylum because she failed to demonstrate that her asylum application was filed within one year of her last entry into the United States, and failed to substantiate a change in circumstances that would toll this limitation. The Board of Immigration Appeals affirmed the Immigration Judge's denial of her application as untimely.

Trajkovska attempts to construe her appeal as a legal argument, so as to avoid the jurisdictional bar that precludes our review of the Attorney General's decisions on whether an asylum petition is timely filed, and whether changed circumstances excuse a filing delay. 8 U.S.C. §1158(a)(3); 8 U.S.C. §1252(a)(2)(D); *Sukwanputra v. Gonzales*, 434 F.3d 627, 633-34 (3d Cir. 2006). Nonetheless, we conclude that her argument is exclusively based in the merits of the Board's decision.

With regard to the withholding of removal under the Convention Against Torture, and under INA 241(b)(3), Trajkovska asserts both that the Immigration Judge failed to consider affidavits and a letter that she proffered, and that the BIA engaged in independent fact-finding. We note that the judge listed the affidavits as evidence.[1] In any event, we are satisfied that substantial evidence supports the conclusions that Trajkovska failed to sustain her burden of proving that she would be placed in jeopardy of being tortured (*see* 8 C.F.R. 208.16(c)(2) ), and failed to prove that it is more likely than not that her life or freedom would be threatened by her return to Macedonia because of her political associations. Moreover, we do not agree with Trajkovska that the BIA engaged in independent fact-finding.

---

[1.] While an Immigration Judge is required to consider the record as a whole in ruling upon an alien's claim for relief, a judge is not required to discuss every piece of evidence as long as the decision is supported by substantial evidence. *See Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 425 n.10 (3d Cir. 2005).

For these reasons, we will dismiss Trajkovska's Petition for Review as to her asylum claim, and deny her Petition for Review as to her withholding of removal and CAT claims.